UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Gomes Davieson,

          Petitioner

v.

Pamela Bondi, et al.,

          Respondents

Case No. 2:26-cv-00781-CDS-EJY

**Service and
Appointment Order**

[ECF Nos. 1, 1-1, 1-2]

Petitioner Gomes Davieson, an immigration detainee who is challenging the lawfulness of his federal detention at Nevada Southern Detention Center, has filed a pro se petition for federal habeas corpus relief under 28 U.S.C. § 2241, an application to proceed *in forma pauperis* ("IFP"), and a motion for the appointment of counsel. ECF Nos. 1, 1-1, 1-2. I find that good cause exists to grant the motion to proceed IFP and that the appointment of counsel is in the interests of justice.[1] However, following a preliminary review of the petition, I find that it suffers from a procedural defect; namely, the petitioner's only allegation is that he has been subject to prolonged detention. As such, I defer ordering a response to the petition at this time.

It is therefore ordered that the IFP application **[ECF No. 1] is granted**.

It is further ordered that the motion for appointment of counsel **[ECF No. 1-2] is granted**. The Federal Public Defender for the District of Nevada is appointed to represent the petitioner and is directed to file a notice of appearance (or indicate its inability to represent the petitioner) by March 26, 2026. If the Federal Public Defender is unable to represent the petitioner, alternate counsel will be appointed. Appointed counsel will represent the petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. If the Federal Public Defender files a notice of appearance in this matter, it will then

---

[1] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or whenever the interests of justice so require. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases.

have 14 days to file either (1) an amended petition or (2) a motion to dismiss the petition. The Federal Public Defender must effectuate service of the amended petition, if one is filed, on the respondents.

It is further kindly ordered that the Clerk of Court:

1. **FILE** the petition (ECF No. 1-1). The petition (ECF No. 1-1) is deferred.

2. **ADD** the United States Attorneys' Office for the District of Nevada to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243. The United States Attorneys' Office is not required to file a response to the petition at this time.

3. **SEND** a copy of the petition (ECF No. 1-1) and this order to the Federal Public Defender at ecf_nvchu@fd.org, the petitioner, and the CJA Coordinator for this division.

4. **MAIL** a copy of the petition (ECF No. 1-1) and this order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave. Pahrump, NV 89060.

5. **SEND** a courtesy copy of the petition (ECF No. 1-1) and this order to Ashley Hesman at ahesman@strucklove.com.

It is further ordered that the respondents shall not transfer the petitioner out of this District, with the exception of effectuating the petitioner's lawful deportation,[2] until further order of the Court. In the event of lawful deportation, the respondents' counsel must file a notice with the Court within 5 days from deportation.

Dated: March 19, 2026

_____
Cristina D. Silva
United States District Judge

---

[2] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").